UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRADLEY LASHAWN FOWLER,

        Plaintiff,

v.

                                        Case No. 08-12572

THOMAS NELSON PUBLISHING and       Honorable Julian Abele Cook, Jr.
ZONDERVAN PUBLISHING HOUSE CORP., LLC,

        Defendants.


<u>ORDER</u>

      The Plaintiff, Bradley Lashawn Fowler, is a self-proclaimed "author and freelance writer, who writes Bible study guides and newspaper articles for the Michigan Frontpage newspaper."  In 2006, while conducting research for a Bible study guide, he claims to have learned that one of the Defendants, Zondervan Publishing House Corp. ("Zondervan Publishing") had used the word, "homosexual," in its publications of the King James Bible in 1976, 1982, 1987, 1994, 2000, and 2007.  Fowler also submits that he made similar discoveries with respect to the King James Bible publications by the other Defendant, Thomas Nelson Publishing ("Nelson Publishing") in 1976, 1996, 2001, and 2006.

      On June 17, 2008 and July 7, 2008, respectively, Fowler- acting without the benefit of an attorney - sued  Zondervan Publishing and Nelson Publishing, complaining that both of these

1

Defendants had, among other things, violated his constitutional and civil rights[1] because of the inclusion of the word, "homosexual," in their respective publications of the King James Bible. In each of his complaints, Fowler contends that he has suffered discriminatory treatment as a result of the inclusion of the word, "homosexual,"by these two Defendants in their respective publications of the King James Bible.[2]  It is Fowler's contention that both of these publishers, despite having knowledge that the inclusion of this allegedly offensive word in the King James Bible would cause him to suffer an injury, deliberately manipulated the biblical text to his detriment. As a direct result of these challenged publications, Fowler asserts that he has "endured acts of hate [and] discrimination," continues to suffer from an inability to sleep,  and no longer has any appetite for food.

On July 7, 2008, the Court granted Fowler's motion to proceed on an *in forma pauperis* basis, denied his application for the appointment of an attorney in his case against Nelson Publishing, and directed him to effect the service of his complaint upon this Defendant. However, there is no evidence that Nelson Publishing has been served with a copy of the pleadings in this cause as required by Fed. R. Civ. P. 4(l)(1).[3]  Nearly one month later - on September 17, 2008 - the

---

[1]Fowler asserts that Nelson Publishing subjected him to "discrimination, [violated his] constitutional rights, negligence, breach of duty, & duty of care" in addition to claims of fraud, libel, and "product liability (strict liability)."  He also has pending claims against Zondervan Publishing which include allegations of  "malicious negligence, breach of duty, duty of care, intentional torts, malice, strict liability, and [violations of his] civil right [*sic*] according to the U.S. Constitution, 14th Amendment."  Although his complaint is largely incomprehensible and very difficult to read, Fowler also appears to have made reference to claims of defamation, fraud, and res ipsa loquitur in his complaint against Zondervan Publishing.

[2]As an example of this alleged discriminatory treatment, Fowler maintains that he was denied membership in the Detroit Grand Lodge of the Masonic Order because of his sexual orientation.

[3]Fed. R. Civ. P. 4(l)(1) states, in pertinent part, that "[u]nless service is waived, proof of service must be made to the court," and "proof must be by the server's affidavit."

2

2:08-cv-12572-JAC-MKM   Doc # 22   Filed 03/06/09   Pg 3 of 11   Pg ID 133

Court entered an order which granted Zondervan Publishing's motion to consolidate Fowler's lawsuits against these two publishers.

Since the commencement of this action, the parties have filed several motions, all of which must be resolved by the Court; namely, (1)Zondervan Publishing's motion to dismiss, filed on July 29, 2008;[4] (2) Fowler's motion for default judgment and motion for summary judgment against Nelson Publishing filed on August 25, 2008; (3) a motion for extension of time to file an answer submitted by Nelson Publishing on August 29, 2008;[5] and (4) Nelson Publishing's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted" filed on September 24, 2008.  The Court will address and rule on each below.

## I.

In its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6),[6] Zondervan Publishing asserts that, even if all of Fowler's allegations are accepted by the Court as being correct, (1) it does not owe any duties to him, (2) it is not a state actor and cannot be sued under the Fourteenth Amendment, and (3) his accusations are barred by the applicable statutes of limitations.  Fowler disagrees, contending that (1) Zondervan Publishing owes him a duty of care and (2) his injury was a foreseeable consequence of the wrongful actions by Zondervan Publishing which knew that the publication of the word, "homosexual," was wrong and harmful.  Furthermore, Fowler maintains

---

[4]On August 5, 2008, Fowler submitted a "Motion to Amend Under Federal Rule of Civil Procedure 15(a)."  However, he, while asking the Court to deny the motion to dismiss that had been filed by Zondervan Publishing in this case, did not address any of his proposed amendments to the complaint.  Under these circumstances, the Court will treat this pleading only as his response to Zondervan Publishing's dispositive motion.

[5]Nelson Publishing filed an answer on September 10, 2008.

[6]Fed. R. Civ. P. 12(b)(6) states, in pertinent part, that "a party may assert the following defense[] by motion: . . . (6) failure to state a claim upon which relief can be granted . . . ."

that his claims are not barred by the statutes of limitations because he only discovered these "falsehoods" in 2006 while researching the Bibles for his study guide.

When reviewing motions to dismiss for failure to state a claim, a district court is to "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (citing *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 550 U.S. 89 (2007)).

Moreover, pleadings by *pro se* litigants are held to "less stringent standards than those prepared by attorneys, and are liberally construed when determining whether they fail to state a claim upon which relief can be granted." *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). However, those plaintiffs who proceed without the benefit of an attorney - such as Fowler in this case - are obliged to satisfy the basic pleading requirements because "'liberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Id.* at 714 (citing *Erwin v. Edwards*, 22 Fed.Appx. 579, 580 (6th Cir. 2001)).

In the case at bar, Fowler asserts that Zondervan Publishing should have known that its publications of the King James Bible, which included the word, "homosexual," would cause him to suffer an injury. The Court disagrees. The question of whether a duty on the part of a defendant exists depends "'on a balancing of the societal interest involved, the severity of the risk, the burden

upon the defendant [to meet the duty], the likelihood of occurrence and the relationship between the parties.'" *Doe v. Johnson*, 817 F. Supp. 1382, 1386 (W.D. Mich. 1993) (citing *Bondie v. Bic Corp.*, 739 F. Supp. 246, 248 (E.D. Mich. 1990); *Lewin v. McCreight,* 655 F. Supp. 282, 284 (E.D. Mich. 1987)). Courts in this and other jurisdictions have held that, aside from those cases in which the content of the publication encourages specific (and usually risky) activity, publishers do not owe any duty to its readers to warn them of the content of its publications. *See, e.g., Lewin v. McCreight*, 655 F. Supp. 282, 284 (E.D. Mich. 1987) ( publishers have no duty to warn readers of ideas supplied by third party authors under Michigan state tort law); *Jones v. J.B. Lippincott Co.,* 694 F. Supp. 1216, 1216-17 (D. Md. 1988) (if publisher only publishes work of  author, it has no duty as to its content); *Winter v. G.P. Putnam's Sons*, 938 F.2d 1033, 1037 n.8 (9th Cir. 1991) (publishers "have no duty to investigate the accuracy of the contents of the books it publishes"). Thus, the Court concludes that Fowler's claims of "malicious negligence, breach of duty, [and] duty of care" must be dismissed.

With respect to Fowler's other state law claims (i.e., "intentional torts, malice, strict liability[,]" defamation, fraud, and res ipsa loquitur), he has failed to allege any of the elements of these torts.  As an example, he has not identified how the inclusion of the word, "homosexual" in the challenged publications of the King James Bible by this Defendant has defamed him. According to Michigan law, the elements of defamation are as follows: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication. *Mitan v. Campbell*, 706 N.W.2d 420, 421 (Mich. 2005).  Inasmuch as Fowler has

5

not provided the Court with any grounds upon which to conclude that the utilization of the word, "homosexual," in any of the referenced publications by Zondervan Publishing constitutes a defamatory statement as it applies to him, his claim must fail.

With regard to Fowler's claims of fraud, the Court must turn to the long-standing law of Michigan which defines the elements of this tort as follows: (1) "That defendant made a material representation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." *Hi-Way Motor Co. v. International Harvester Co.*, 247 N.W. 2d 813 (Mich. 1976). Under this theory of his claims against Zondervan Publishing, Fowler has failed to proffer any statements which presumptively establish that he relied upon the application of the word, "homosexual." In fact, he contends - perhaps, not intentionally, just the opposite. In his pleadings, Fowler claims to have known that the publication of this allegedly offensive word by Zondervan Publishing was false which, in turn, suggests that he did not rely on it to his detriment. Thus, this allegation must be rejected because he has not asserted a valid claim of fraud.

Furthermore, Fowler has also failed to identify the intentional torts that, in his opinion, were committed by Zondervan Publishing. With regard to Fowler's allegation of res ipsa loquitur, the Court concludes that Zondervan Publishing does not owe a duty to him for the reasons discussed above. As such, these claims must also be dismissed as well.

Finally, Fowler's federal constitutional claims under the Fourteenth Amendment must also be rejected because Zondervan Publishing is not a state actor. *See Shelley v. Kraemer*, 334 U.S.

6

1, 13 (1948) (Fourteenth Amendment only protects "such action as may fairly be said to be that of

the states."). Therefore, Zondervan Publishing's motion to dismiss because of Fowler's failure to

state a claim is granted.

II.

The Court now turns to (1) Fowler's motion for the entry of a default judgment against

Nelson Publishing, and (2) Nelson Publishing's request for additional time to file an answer. In

its July 7, 2008 order which granted Fowler's request to proceed on an *in forma pauperis* basis, the

Court specifically directed him to "arrange for service of the complaint." Despite this directive,

the official records indicate that Fowler has not filed a proof of service with the Court, as required

by Fed. R. Civ. P. 4(l)(1).

Those litigants, who seek to obtain the entry of a default judgment under Fed. R. Civ. P. 55,[7]

must complete a two-step process. 55 James Wm. Moore et al., *Moore's Federal Practice* § 55.10.

The entry of a default by the Clerk of the Court is "just the first procedural step on the road to

obtaining a default judgment . . . ." *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796

---

[7]Fed. R. Civ. P. 55 provides, in part:
(a) Entering a Default.
When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
(b) Entering a Default Judgment.
   (1) By the Clerk.
    If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk — on the plaintiff's request, with an affidavit showing the amount due — must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
   (2) By the Court.
    In all other cases, the party must apply to the court for a default judgment.

F.2d 190, 193 (6th Cir. 1986). Thus, the Clerk's entry of default is a prerequisite to a default judgment. 55 Moore's Federal Practice § 55.10.

In this case, Fowler has failed to (1) provide the Court with any evidence that he properly effected service of his complaint on Nelson Publishing as required by the Court in its July 7th order, and (2) seek an entry of default from the Clerk of the Court. Therefore, the Court determines that Fowler's application for a default judgment is deficient, and, therefore, must be rejected.

The Court also notes that, despite the appearance of an inadequate service of process, Nelson Publishing has filed an answer in this case. Inasmuch as Fowler has not filed a certificate of service with the Court, it is unknown when Nelson Publishing received the complaint from Fowler, if at all. Thus, for the reasons that have been noted above, the Court does not believe that any of the parties will be prejudiced by allowing this pleading to be filed. Therefore, the Court will (1) accept Nelson Publishing's answer and (2) deny Nelson Publishing's request for additional time for reasons of mootness.

III.

With respect to Nelson Publishing's motion to dismiss under Fed. R. Civ. P. 12(b)(6), it claims that (1) Fowler's constitutional claims are unenforceable because it is not a state actor, (2) it did neither libeled nor defamed him, (3) he has failed to identify any legal duty that is owed to him with regard to its publication of the King James Bible, and (4) his claims are untimely under the applicable statute of limitations. In his response,[8] Fowler continues to advance the argument

_____

[8]Although Fowler's pleading has been entitled by him as a "Reply Brief in Support of Defendant's Motion to Dismiss and Brief in Support, According to Federal R. Civ. P 7(a)(5) [*sic*,]," he seeks a denial of Nelson Publishing's dispositive motion. As such, the Court will consider this submission as his response to Nelson Publishing's motion.

that the publications of the word, "homosexual" within its King James Bibles by Nelson Publishing constitutes a violation of his constitutional rights.

The Court first notes that Nelson Publishing filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) after having filed an answer, thereby rendering it as an untimely dispositive pleading.  *See* 5B Wright & Miller, *Federal Practice and Procedure* § 1357, at 408 (3d ed. 2004) ("a post-answer Rule 12(b)(6) motion is untimely and . . . some other vehicle, such as a motion for judgment on the pleadings . . . must be used").  The Sixth Circuit Court of Appeals has treated post-answer Rule 12(b)(6) motions as motions for judgment on the pleadings under Fed. R. Civ. P. 12(c).[9]  *See, e.g.,  Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987) (motion brought under Rule 12(b)(6) treated as motion for judgment on pleadings); *Joseph v. Patterson*, 795 F.2d 549, 562 n.1 (6th Cir. 1986) ("appropriate to treat the defendants' [Rule 12(b)(6)] motion as a motion for judgment on the pleadings.").   Moreover, Fed. R. Civ. P. 12(h)(2) provides that a contention by the defense that an adversary had failed to state a claim "may be raised . . . by a motion under Rule 12(c) . . . ."   However, inasmuch as Nelson Publishing preserved its position that Fowler had failed to state a claim by asserting it in its answer, the Court will treat this motion to dismiss as a judgment on the pleadings under Fed. R. Civ. P. 12(c).

The standard of review for a motion under Fed. R. Civ. P. 12(c) is the same as that which should be undertaken when evaluating a motion brought pursuant to Rule 12(b)(6).  *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008).  Thus, a district court must accept all of the plaintiff's allegations as true and seek to "'determine whether the plaintiff undoubtedly can prove no set of

---

[9]Fed. R. Civ. P. 12(c) states: "After the pleadings are closed - but early enough not to delay trial  - a party may move for judgment on the pleadings."

9

facts in support of the claims that would entitle relief.'" *Id.* (citing *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006) (quoting *Grind staff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)).

Turning to Fowler's complaint against Nelson Publishing, his claims must fail for the same reasons that his allegations against Zondervan Publishing were dismissed. Fowler's claims of negligence, defamation or libel, fraud, and "duty of care" against Nelson Publishing are the same causes of action that were asserted by him against Zondervan Publishing. Thus, for the reasons that have been stated above, all of Fowler's claims against Nelson Publishing must be dismissed.

In addition, Fowler has brought forth a claim of products liability against Nelson Publishing. But "[p]roducts liability actions grounded in negligence or breach of implied warranty require a causal connection between the manufacturer's negligence or product defect and the plaintiff's injury[.]" *Spencer v. Ford Motor Co.*, 367 N.W.2d 393, 396 (Mich. Ct. App. 1985) (citing *Cova v. Harley Davidson Motor Co.,* 182 N.W.2d 800 (Mich. Ct. App. 1970)). As explained above, Nelson Publishing does not owe a duty to Fowler for the ideas that were expressed in its publications of the King James Bible. Moreover, Fowler has not alleged any facts which reflect any causal connection between the claimed misconduct by Nelson Publishing and his alleged injuries. Accordingly, Fowler's products liability action against Nelson Publishing is dismissed.

Finally, Fowler believes that Nelson Publishing has wrongfully violated his constitutional rights. As explained above, any constitutional claims under the Fourteenth Amendment of the United States Constitution require some form of state action. *See Shelly*, 334 U.S. at 13 (Fourteenth Amendment only protects against state action). Assuming, *arguendo*, that Fowler's constitutional claims were based upon state law, he has neglected to specify the constitutional claims that he has advanced, much less any facts upon which to establish any elements of such a cause of action. In

10

summary, Fowler's complaint against Nelson Publishing is dismissed in its entirety.

IV.

For all of the reasons that have been stated herein above, the Court must, and does, (1) grant Zondervan Publishing's motion to dismiss, (2) deny Fowler's motion for default judgment, (3) deny Nelson Publishing's motion for an extension of time to file an answer, and (4) grant Nelson Publishing's dispositive motion based on failure to state a claim.

IT IS SO ORDERED.

Dated:  March 6, 2009                          s/Julian Abele Cook, Jr.
         Detroit, Michigan                     JULIAN ABELE COOK, JR.
                                               United States District Court Judge


Certificate of Service

I hereby certify that on March 6, 2009,  I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                               s/ Kay Doaks
                                               Courtroom Deputy Clerk

11